IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY AVERITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00602 |
| ) | Judge Trauger / Knowles |
| ROBERT ARNOLD, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 24. Along with that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law, a Statement of Undisputed Facts, and the Affidavit of Lt. Chris Deal. Docket Nos. 25-27.

Plaintiff has not responded to the instant Motion, or to Defendant's Statement of Undisputed Facts, nor has Plaintiff filed his own Statement of Undisputed Facts.

Plaintiff, who at all times relevant to the case at bar was housed at the Rutherford County Adult Detention Center, filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that Defendant, as the Sheriff of Rutherford County, violated his First Amendment rights by instituting a "postcard-only policy restricting inmates from receiving regular mail [and] only permitt[ing inmates] to receive postcards." Docket No. 1. Plaintiff's sole prayer for relief is the removal of the "postcard-only policy." *Id.*

Plaintiff entered the Rutherford County Adult Detention Center ("Center") on or about

October 15, 2013, and was released from the Center on June 9, 2014. Docket No. 27, Affidavit of Lt. Chris Deal, ¶¶ 3, 4, 5. Plaintiff is no longer incarcerated at the Center, nor is he scheduled to return to the Center. *Id.*, ¶ 6.

Because Plaintiff's sole requested relief was injunctive and Plaintiff is no longer incarcerated at the Center, his request for injunctive is MOOT. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 24) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                       _____
                                                       E. CLIFTON KNOWLES
                                                       United States Magistrate Judge